UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
ROBERTA C. TSE,                                                  :
                                                                 :
                            Plaintiff,                           :
                                                                 :       03 Civ. 6234 (GEL)
              -against-                                          :
                                                                 :       **OPINION AND ORDER**
UBS FINANCIAL SERVICES, INC.,                                    :
                                                                 :
                            Defendant.                           :
                                                                 :
-----------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      In the above-captioned matter, plaintiff Roberta C. Tse sues her former employer, UBS Financial Services, Inc., for discrimination on the basis of gender, race, and national origin, and alleges further that she was retaliated against for complaining about the discrimination. Discovery in this matter is by and large complete, and defendant is expected to file a motion for summary judgment shortly.

      By joint letter dated May 19, 2005, the parties informed the Court that a dispute had arisen over a document produced to plaintiff in March 2005. The document, a letter between plaintiff and her former counsel dated June 2002, was found on a diskette in a newly-discovered box of items from plaintiff's work area that had been kept in storage by defendant. After reviewing the diskette for responsive documents, and stumbling upon the letter, defendant's counsel surmised that the letter may have been written to an attorney, and, therefore, may have been subject to the attorney-client privilege. Defendant's counsel notified plaintiff of the letter's existence and produced the letter to her.

      Plaintiff asserts attorney-client privilege as to the letter, demanding return of any copies

in defendant's possession, as well as return of the diskette. Defendant takes the position that the letter does not constitute a privileged attorney-client communication, and, in the alternative, that any such privilege has been waived because plaintiff created and stored the letter at her workplace and because she took no steps to retrieve the letter or the diskette after her employment ended. Plaintiff, in turn, claims she did not use UBS equipment to create the letter and that she took reasonable steps to protect its confidentiality. The parties appeared before the Court for oral argument on June 2, 2005.

The attorney-client privilege protects communications among clients and their attorneys, where those communications are for the purpose of obtaining legal advice, and where the communications were made and kept in confidence. United States v. Construction Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996). Where, as here, the communication is inadvertently disclosed to a third-party, and its confidentiality thus breached, such disclosure only amounts to a waiver of privilege where "the conduct of the [disclosing party] was so careless as to suggest that it was not concerned with protection of the asserted privilege." Aramony v. United Way of America, 969 F. Supp. 226, 235 (S.D.N.Y. 1997); see also In re Horowitz, 482 F.2d 72, 81 (2d Cir. 1973) ("It is not asking too much to insist that if a client wishes to preserve the privilege . . . he must take some affirmative action to preserve its confidentiality.").

The Court has reviewed both the letter and the diskette on which it was stored. It is clear that the letter is an attorney-client communication in which the client expressly requests legal advice, and, had it not been inadvertently disclosed to defendant, there would no question as to its entitlement to protection under the attorney-client privilege. Notwithstanding that disclosure, plaintiff has not been so careless as to waive her privilege. If, as plaintiff avers, she created the

2

letter at home, it was perhaps imprudent for her to bring the disk on which it was stored to work. Nonetheless, the letter was stored out of sight, on a disk, inside a file folder in plaintiff's work area. It was not printed out, or stored in any other way that made it easily accessible, or even its existence known, to a third-party. Cf. In re Horowitz, 482 F.2d at 82 (privilege waived where documents were treated like business records and accountant, an independent contractor, was given free rein to examine all records); In re Victor, 422 F. Supp. 475, 476 (S.D.N.Y. 1976) (privilege waived where documents were found in a public hallway outside attorney's office, accessible to "any casual visitor").

It is true that the disk is not marked as personal or confidential, and defendant points out that it contained at least one business-related memorandum. But a quick glance at the disk's label would be sufficient to indicate to any observer that it contained personal documents, even personal documents of a confidential nature; the first item listed is "Wedding Guest List," followed by "Phone 02," "Memo," "Fav," "Briefcase," and "Tax '02." Defendant argues that plaintiff was careless for not seeking the disk's return, but plaintiff's discharge letter indicated that defendant would "arrange to have any personal items that [plaintiff had] remaining in [her] office shipped to [her] at [their] expense." (Joint Letter to the Court, dated May 26, 2005, Ex. B, at 1.) It was not unreasonable for her to assume that this disk, so clearly identifiable as a personal belonging, would be returned, and therefore, when it was not returned, to assume that the disk was not in defendant's possession and that no steps were required to seek its retrieval.

Accordingly, plaintiff has not waived her privilege. The diskette is presently in the Court's possession and will be returned directly to plaintiff. It is hereby ORDERED that defendant return to plaintiff any copies of the letter or diskette in its possession.

SO ORDERED.

Dated: New York, New York
       June 9, 2005

                                                          GERARD E. LYNCH
                                                          United States District Judge